**W. H. DYSARD and Geneva Dysard, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

United States Court of Appeals

No. 18984.

Sixth Circuit.

May 9, 1969.

W. H. Dysard, in pro. per., Ashland, Ky., for petitioners.

Carolyn R. Just, Dept. of Justice, Washington, D. C., for respondent, Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Elmer J. Kelsey, Attys., Dept. of Justice, Washington, D. C., on brief.

Before WEICK, Chief Judge, O'SULLIVAN and EDWARDS, Circuit Judges.

PER CURIAM.

Appellant taxpayers claim business bad debt losses of $52,397.51 and $8,409.85 in 1961 and 1962, respectively. The Tax Court affirmed the Commissioner's redetermination of taxes and disallowances of these losses, holding:

"Petitioner has utterly failed to establish the amounts of his alleged losses or the years in which they occurred. The case may thus be disposed of on the basis of these preliminary require-ments for a bad debt deduction of any kind under section 166."

The stipulation of facts upon which this case was submitted to the Tax Court included the following:

"Petitioner continued to transfer funds into Ashland Business Service, Inc. during the years 1961, 1962 and 1963 and petitioner continued to endorse notes of the various corporations after 1961, 1962 and 1963."

From these facts alone we conclude that the Tax Court had competent evidence before it to support its finding that appellants failed to establish that the losses referred to occurred during the tax years of 1961 and 1962. If taxpayers after the tax years in dispute continued to advance money and guarantee loans for the businesses claimed to be insolvent, we certainly cannot on this record conclude that the quoted finding of fact of the Tax Court was "clearly erroneous." Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960).

Affirmed.